**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **BILLY JAMES FLEMING**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )          **Civil Action No. 5:13-21991** |
| | ) |
| **ADMINISTRATOR MICHAEL FRANCIS,** | ) |
| *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 19, 2013, Plaintiffs,[1] acting *pro se* and incarcerated at the Southern Regional Jail, in Beaver, West Virginia, filed their Application to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[2] (Document Nos. 1 and 2.) In their Complaint, Plaintiffs name the following as Defendants: (1) Administrator Michael Francis, and (2) Joe Delong. (Document No. 1, p. 4.) Plaintiffs complain that the conditions of confinement at Southern Regional Jail ["SRJ"] are unconstitutional. (Id., pp. 8 - 10.) First, Plaintiffs claim that SRJ is overcrowded and they are confined with other inmates that have "health problems where open wounds exist." (Id., p. 8.) Plaintiffs complain that one "inmate scratches his wounds until they bleed." (Id.) Second, Plaintiffs claim that there is always "fungus on the walls of the shower." (Id.) Third, Plaintiffs contend that "athletes foot and the skin condition scabies is common." (Id.) Finally,

---

[1] The undersigned finds that multiple-prisoner plaintiffs may not proceed *in forma pauperis* in the same civil action. *See Hubbard v. Haley*, 262 F.3d 1194, 1196-98 (11th Cir. 2001); *Thomas v. Northern Correctional Facility*, 2011 WL 442157, * 2 (N.D.W.Va. Feb. 2, 2011).

[2] Because Plaintiffs are acting *pro se*, the documents which they have filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff Fleming asserts that he has "been housed with an inmate that has open sores and is diagnosed with scabies and possible Hepatitis since the beginning of March." (Id., p. 9.) Plaintiffs contend that "[a]s a result of the lack of proper hygiene and proper cleaning supplies, [we] have been subjected . . . to daily health hazards that are extremely serious and need to be addressed." (Id.) Plaintiffs claim that the "staff has been made aware of the problem of shower filth, hygiene, and inmates in need of being housed in the Medical Unit out of C-5 pod," but "staff has done absolutely nothing." (Id.) As relief, Plaintiffs request "that the shower mold, hygiene, and medical problem be looked into and hygiene be made available in C-5 housing unit immediately and that [we] be compensated for the subjection to unconstitutional conditions of confinement."[3] (Id.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails

---

[3]   The undersigned notes that Plaintiff Billy James Fleming is a frequent filer, who has initiated three other actions with this Court: (1) Civil Action No. 5:08-0267; (2) Civil Action No. 5:14-16418; and (3) Civil Action No. 5:14-16419.

to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

1.    **Failure to Exhaust**:

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[4] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v.

---

[4] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

3

Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(overruled on other grounds), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at

4

the outset. <u>Neal</u>, 267 F.3d at 123. In <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>See</u> <u>Jones v. Bock</u>, <u>supra</u>; <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. <u>See</u> <u>Dale v. Lappin</u>, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a <u>Bivens</u> suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in <u>Anderson</u>, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the

grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

6

In the Complaint, Plaintiffs acknowledge that they did not fully exhaust their administrative remedies. (Document No. 1, p. 3.) Plaintiffs appear to contend that prison staff failed to properly respond to their administrative remedy requests. (Id.) Specifically, Plaintiffs state they filed grievance forms but the "counselor did not respond [and] the Administrator stated his concern by putting up memos." (Id.) "Failure to receive a response is not an excuse for not moving to the next level of the grievance procedure." Nally v. King, 2013 WL 594709 * 3 (N.D.W.Va. Jan. 3, 2013); Cremeans v. Villers, 2012 WL 2359831 *3 (N.D.W.Va. May 29, 2012). In the instant case, Plaintiffs failed to consider the absence of a response as a denial and proceed to the next level. After Plaintiffs allegedly failed to receive an adequate response from the Administrator, Plaintiffs filed the instant Complaint. Plaintiffs, however, should have filed an appeal to the Chief of Operations when they did not receive a timely, written response from the Administrator. Thus, Plaintiffs filed the Complaint without first exhausting their administrative remedies pursuant to the PLRA. The undersigned, therefore, recommends that Plaintiffs' Complaint be dismissed in view of their failure to exhaust their administrative remedies.

**2.    Eighth Amendment Claim:**

The undersigned views Plaintiffs' Complaint as setting forth a claim under the Eighth Amendment. Plaintiffs contend that the conditions of confinement at SRJ are inhumane and unsafe. As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus,

under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates."), quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard, and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452

U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") Therefore, Plaintiffs must allege and eventually establish a "sufficiently serious" deprivation of the conditions of their confinement resulting in "serious or significant physical or mental injury" in order to maintain and prevail upon their Eighth Amendment claim.

Plaintiffs contend that prison conditions at SRJ are cruel and unusual based upon the following: lack of hygiene, shower mold, and failure to maintain disease free housing units. (Document No. 1.) In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." Plaintiffs' allegations do not rise to the level of an Eighth Amendment claim. Plaintiffs have failed to demonstrate that the above prison conditions amounted to a deprivation of a human necessity. See Williams v. Adams, 935 F.2d 960, 962 (8th Cir. 1991)(plaintiff's allegations that the toilet in the cell did not work and continuously ran over causing the cell floor to stay filthy with waste stated an Eighth Amendment claim.) The conditions of confinement complained of by

Plaintiffs amount to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." <u>Strickler</u>, 989 F.2d at 1380; <u>see also</u> <u>Hadley v. Peters</u>, 70 F.3d 117 (7th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."); <u>Shrader v. White</u>, 761 F.2d 975 (4th Cir. 1985)(prisoner's allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust, mold, and mildew, and shower controls did not work failed to state an Eighth Amendment claim);<u>Ajaj v. United States</u>, 479 F.Supp.2d 501, 512 (D.S.C. 2007)(<u>citing</u> <u>Lunsford v. Bennett</u>, 17 F.3d 1574, 1580 (7th Cir. 1994)("Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare."); <u>Oliver v. Powell</u>, 250 F. Supp. 2d 593, 604 (E.D.Va. 2002)(prisoner's allegations that cell contained roaches, leaky toilets, and peeling paint did not state a claim under the Eighth Amendment). Furthermore, Plaintiffs fail to allege significant physical or emotional injury resulting from the challenged conditions. <u>Strickler</u>, 989 F.2d at 1381(an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); <u>see also</u> <u>White v. Gregory</u>, 1 F.3d 267, 269 (4th Cir. 1993)(prisoner's Eighth Amendment claim should be dismissed if he fails to allege a serious physical or mental injury resulting from the conditions of confinement). Plaintiffs merely make a conclusory statement that the challenged conditions are "unconstitutional." Therefore, the undersigned finds that Plaintiffs have failed to state a claim under the Eighth Amendment for which relief can be granted.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm

and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiffs'
Application to Proceed Without Prepayment of Fees and Costs (Document No. 2.), **DISMISS**
Plaintiffs' Complaint (Document No. 1.), and remove this matter from the Court's docket.

The Plaintiffs are hereby notified that this "Proposed Findings and Recommendation" is
hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C.
Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule
6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days
(fourteen days, filing of objections and three days, mailing/service) from the date of filing of this
Findings and Recommendation within which to file with the Clerk of this Court specific written
objections identifying the portions of the Findings and Recommendation to which objection is made
and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review
by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v.
Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright
v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.
1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this
Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to
Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: May 23, 2014.

R. Clarke VanDervort
United States Magistrate Judge

11